IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MACAHILAS,

    Plaintiff,                  No. 2:09-cv-3199 WBS DAD (PC)

    vs.

RICHARD P. GALLOWAY, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Dr. Galloway and Dr. Douglas violated his rights under the Eighth Amendment by acting with deliberate indifference to plaintiff's need for treatment of pneumonia during a period between December 23, 2004 and January 21, 2005.

        The matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Therein, defendants contend that this action should be dismissed due to plaintiff's failure to exhaust administrative remedies prior to filing suit and because it is barred by the doctrine of res judicata. Specifically, defendants contend that plaintiff is barred from litigating his claims against them in this action because he previously litigated claims arising from the same events in the case of Macahilas v. Taylor, No. 2:06-cv-0502 GEB KJM (PC) and in that action was denied leave to amend to add Drs. Galloway and Douglas as defendants. In the

alternative, defendants move to strike paragraph eleven of plaintiff's complaint.  Plaintiff opposes the motion.  For the reasons set forth infra, this court finds that plaintiff's claims are barred by res judicata.

The  doctrine of res judicata governs "[t]he preclusive effects of former litigation." Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 n.1 (1984).  "Res judicata applies when 'the earlier suit ... (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir.2002)).

The court looks at four criteria to determine whether "two suits involve the same claim or cause of action . . . (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo, 430 F.3d at 987 (citing Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir.2003)).  "Denial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action." Mpoyo, 430 F.3d at 989.

The claims at bar involve events at Mule Creek State Prison (Mule Creek) taking place during a period from December 23, 2004 to January 21, 2005.  Plaintiff alleges that defendants Galloway and Douglas acted with deliberate indifference to his need for adequate medical care for labored breathing and coughing during that time period.  Plaintiff further alleges that he had a history of bronchitis and that despite that history and his symptoms, he was not provided adequate medical care by either defendant.  Plaintiff further alleges that on January 21, 2005, defendant Galloway ordered plaintiff transported to an outside hospital and that plaintiff fell into a "pneumonia-induced coma" shortly after his arrival at the hospital.  (Complaint, filed

1  November 17, 2009, at 6, 12.)  Plaintiff alleges that he subsequently underwent several surgical
2  procedures, spent time in the intensive care unit, and was placed on a ventilator during a
3  hospitalization that lasted until June 7, 2005, when he "'was discharged with diagnosis of
4  pneumonia, emphyema [sic], bronchopleural fistula, tension pneumothorax, respiratory failure,
5  adult respiratory distress syndrome, extreme weight loss, ileus decubitus ulcer of coccyx, sepsis
6  and anemia all resolved.'"  (Complaint at 13 (quoting CDC form 7282 Health Record Report
7  dated 6-8-05).)  Plaintiff alleges that he was subsequently diagnosed with anxiety due to the
8  history of pulmonary disease, that his lungs were permanently damaged, that his life span has
9  been shortened, and that he has deep scars on his throat and torso.  (Id. at 14.)

10  The proposed amended complaint submitted by plaintiff in Case No. 2:06-cv-
11  0502 GEB KJM (PC) is based on the same series of events and contains allegations virtually
12  identical to those set forth in the complaint filed in this action.  See Proposed Amended
13  Complaint, filed April 22, 2008, in Case No. 2:06-cv-0502 GEB KJM (PC) (Docket # 28).[1]  In
14  that action, the court denied plaintiff's motion seeking leave to amend to add defendants
15  Galloway and Douglas on the ground that plaintiff "knew or should have know about these
16  defendants when he filed his original complaint."  Order filed June 23, 2008 in Case No. 2:06-
17  cv-0502 GEB KJM (PC) (Docket # 33).  Plaintiff's motion to amend was filed in April 2008,
18  over two years after that earlier action was commenced.  Judgment was entered in Case No. 2:06-
19  cv-0502 GEB KJM (PC) on September 29, 2009, pursuant to an order granting a defense motion
20  for summary judgment.  See Order filed September 29, 2009 in Case No. 2:06-cv-0502 GEB
21  KJM (PC) and Judgment (Docket ## 46, 47).

22  The complaint at bar arises out of the same nucleus of facts and presents the same
23  claim as in the prior action.  Plaintiff was denied leave to amend his complaint in the prior action
24  to add an Eighth Amendment claim against defendants Galloway and Douglas because the court

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1 in that case found that plaintiff knew or should have known of the involvement of those
2 defendants at the time he commenced that action. The interests of defendants Galloway and
3 Douglas established by that order would be, at a minimum, impaired were plaintiff permitted to
4 proceed with those claims in this action, which was filed over eighteen months after the motion
5 seeking leave to amend was denied in the earlier action, and almost two months after judgment
6 was entered in that case.

7 For the foregoing reasons, this court finds that the instant action is barred by res
8 judicata. For that reason, the action should be dismissed.[2]

9 In accordance with the above, IT IS HEREBY RECOMMENDED that:

10 1. Defendants' May 20, 2010 motion to dismiss be granted; and

11 2. This action be dismissed as barred by res judicata.

12 These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
14 days after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
17 objections shall be filed and served within fourteen days after service of the objections. The
18 parties are advised that failure to file objections within the specified time may waive the right to
19 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: January 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
maca3199.mtd

---

[2] Because the action is barred by res judicata, the court finds is unnecessary to reach the remaining contentions raised in defendants' motion to dismiss.

4